Today is 2015-7111 Kellogg v. McDonald Mr. Carpenter, please proceed. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Frank Kellogg. The Veterans Court in this case used the wrong legal standard in determining that reversal rather than remand was the appropriate remedy in this case. The legal standard for reversal is where there was a clearly erroneous judgment, in this case there was, based upon proper factual findings. What is our standard of reviewing that issue? Upon what standard do we consider whether or not it was proper for the Veterans Court to vacate rather than reverse? In other words, how do we assess whether there was only one result compelled by the evidence, which is what you're saying? Yes, yes. I'm not sure that I know the answer to that question, to be candid with the Court. I'm not sure that I have seen this Court articulate the standard upon which it does. This case is obviously dependent upon Deloge, and Deloge simply does not go into that because Deloge didn't reach that question. I would assume that it would be a clear error analysis as to whether or not, based upon the record that was before the Veterans Court, and likewise the same record that was before the Board, requires only one result. The best I could come up with, Mr. Carpenter, is that we would look at the decision of the CAVC to try to determine whether in fact it misread the record that was developed before the Board. Well, I'm not sure that's the proper analysis in this case, Your Honor, because it seems to me that the Court below, the Veterans Court, really relied upon the fact that it was necessary for the Board to take another look at this evidence. And I think that's where the clear error is here. No, but in getting to that, yes, you're right, the Court said it's necessary for the Board to look at the evidence, and you're saying that's wrong. The evidence before the Board compels only one conclusion. So wouldn't we then have to say, okay, did the Court of Veterans' Appeals err in the way it looked at the evidence before the Board? Did it misread the evidence in coming to the conclusion that it should remand rather than reverse? I mean, isn't that what it has to be? I don't believe so, Your Honor, because in this case, and this case really differs substantially from the two cases that were in Deloge, because in the two cases in Deloge, there were competing evidence to be considered. In this case, we have a Board decision in 2011 that failed to consider the correct regulation. It was remanded for them to do that. The same evidence, the 2006 and the 2009 medical opinions that were the evaluation of Mr. Kellogg's disability, that said that that disability went back to the date of his original claim, that's the only evidence in this record. It was the only evidence in 2011, it was the only evidence in 2013, and it's the only evidence that was in the record that was being reviewed by the Court based upon what the Board did. And what the Board did was to say, no, you're not entitled to an effective date back to the date based upon evidence that supports it because there was no diagnosis. I'm sorry. As I understand what you're saying is you're saying that, okay, in Deloge we had competing evidence, and the Board only considered the one that was unfavorable to the veteran. Here we've got evidence that's somewhat favorable to the veteran, the Board says it's not enough, and now the question is there's additional evidence that's also favorable to the veteran. Couldn't it still be that even with the additional evidence, the Board would find it not to be enough? I don't believe so, Yara, because that then turns on the error in applying 3.156C4, and 3.156C4 specifically calls for a retroactive evaluation of the disability. That's what these two medical records did. They reviewed that disability, the disability that he was granted service connection for. And the question is, under this regulation, did that, upon reconsideration and consideration of all of the evidence, then call for an effective date based upon the date of the claim? There is no contrary evidence in the record.  Therefore, it is simply an exercise in futility to go back and reexamine evidence that you can only draw one conclusion from. Yes, but the Board, I'm sorry, the CAVC said the Board's, where the Board failed, or at least in one respect, was not explaining why it found deficiencies in the McNamara report, correct? In terms of their reasons and bases, yes. Yeah, reasons and bases. Correct. And it said, tell us why. And it also said there was evidence that wasn't considered, the SWORD report, and also certain medical records, I guess in connection with both the McNamara report and the SWORD report.  Hospitalization records, I think it was. But let's be realistic about what the standard is under the regulation. The standard is, is there adequate evidence to support a conclusion that this disability existed 30 years prior to the current effective date? And the only evidence of record says yes. But the problem is, is that, this is really a who decides question, I guess. I mean, is there adequate evidence to support that conclusion? I mean, that's what the regulation says. So there never was a determination by the Board that there was, that the evidence as it relates to the SWORD testimony was not adequate, right? That's correct. So you would be asking the Court of Veterans Claims to make that determination in the first instance, which it was uncomfortable making. Now, it's possible that after remand, if the Board still says that's inadequate testimony, the Court of Veterans Claims could disagree with that and say that that's not a reasonable conclusion, even under the most deferential standard of review. But shouldn't the Board be allowed to make that decision in the first instance? No, Your Honor, they shouldn't, because this would give them a third bite of the apple. They had the opportunity to do it correctly in 2011. They didn't. They had the opportunity to do it correctly in 2013, and they didn't. Now, it's not a question of, frankly, reconsidering Dr. SWORD's opinion. It's whether or not Dr. McNamara's opinion all by itself is sufficient, adequate evidence under the standard provided by the regulation. And I believe that what is contemplated by the statute, what Congress intended, was when there is no contrary evidence. That's why that portion that is discussed in Deloge about the interrelationship of the legal standard in 7261 relates to the benefit of the doubt. Here, there is no opposing evidence. Without any opposing evidence, they're considering a fact that has no other conclusion. So you think that the Veterans Court should have based its determination solely on Dr. McNamara's evidence and not even considered the fact that Dr. SWORD's evidence was not considered? I'm saying that they could have and they should have in order to properly dispose of this case. I believe they were entirely correct in their analysis of the board's error in failing to consider the three-year earlier medical opinion that, in fact, was far more extensive than the, I believe, two-page opinion from Dr. McNamara as opposed to the 14-page opinion from Dr. SWORD. At the end of the day, there never was any evidence that contradicted that. When this case was remanded by the court based upon its 2011 decision being set aside to consider and apply, if the VA had wanted to develop evidence, send it out for another opinion to evaluate the opinions that were of record. They could have done that. But they didn't do that. The same evidence was in the record in 2011 as was in 2013, and this case being remanded serves absolutely no purpose. Under the law, he met the burden to be entitled to the reconsideration of his original claim. Suppose we don't agree that Dr. McNamara's evidence standing alone would have been enough and that you would have to look at the SWORD evidence. Even if we think in our guts that the combination of the two should be enough, is that really appropriate at that point for us or for the Court of Veterans Claims to be assessing Dr. SWORD's evidence and its impact? No, I would have to concede that. I would have to concede that under the standard that I'm asserting here, it would not be appropriate to consider a matter that was not considered by the board. However, they did acknowledge, at least parenthetically, that there was a prior statement. They did discuss it. Even if we were to look at it and say, applying kind of a, you know, no reasonable person could ever conclude otherwise, you would agree that we would still have to allow a remand at that point? Well, I'm not quite sure I would go that far, Your Honor. What I'm trying to say is I thought your point was if you factor in Dr. SWORD's opinion, does… Yeah, if we find that you have to factor it in. I have to concede that. Okay. However, on the basis of the record that was before the Veterans Court, which included the non-realistic consideration of Dr. SWORD's opinion, was Dr. McNamara's opinion sufficient as a matter of law to meet the burden under 3.156c4? And I think the answer has to be yes. Unless there's further questions, I'll reserve the balance of my time. Thank you, Mr. Carpenter. Mr. Breskin. May it please the Court, the issues raised in this case really were decided in a series of cases starting with Hensley, Deloach, Adams, and Byron. And I think Byron presents the most factually analogous situation where the appellant was arguing essentially that the facts were not controverted and that they believed if the facts had been properly considered, they would have won. And this court said it was not enough that only a few factual findings remain or that the applicant may have a strong case under the merits. The Court of Appeals for Veterans Claims is not permitted by statute to make fact findings in the first instance where the board has either not provided adequate reasons and bases or has failed to consider evidence entirely, both situations which are present here. The case law from this court says that it is appropriate and required. What about, though, Mr. Carpenter's argument that we don't even have to look at the sort of evidence that they didn't consider if we could look at McNamara alone and conclude that the board erred? I think it's sort of irrelevant. I mean, one, that's not the argument that he made to the Court of Veterans Claims. But I think it's somewhat irrelevant because whether the board failed to consider the evidence at all or whether its consideration is found not facilitative judicial review because it didn't provide adequate reasons and bases, the Court of Veterans Claims was not able to review the board's weighing of the evidence. And it is the board that is statutorily required to weigh the evidence and make fact findings. And so it would be equally inappropriate for this court or the Court of Veterans Claims to step in and say, well, we can't really review what determination you made either because you didn't consider the evidence or because you haven't explained your review of it. We're going to find anyway. When there's no opposing evidence and the evidence just keeps getting stronger for the veteran, why do we have to keep creating these delays and time lags? This has been going on forever. Well, the question presumes that the evidence actually establishes that he had a compensable disability in 1974 or earlier. But the fact is that the body here at the board, which is tasked with fact finding, has never made a determination that, in fact, the evidence supports that finding. Because they did not properly review Dr. McNamara's report and because they did not review Dr. Swartz's retrospective opinion at all. It may be that we can read it and say, well, that's convincing to us. But the board is tasked with making those determinations. They have the expertise to do so. And they need to be given the opportunity in the first instance. I think it's the biggest complaint that veterans have about this whole process and this whole system is that, at best, they just keep getting remands and remands and remands and remands because the board just doesn't do its job. And then we keep giving them another chance to do it and it's 15 years down the road before they can have a claim processed. Well, in some instances that may be a valid complaint. Here, Mr. Kellogg was diagnosed with PTSD and given a service connection to 100% for PTSD in 2006. So he is trying to go back. The fact is it is a complicated question whether or not he, in fact, had PTSD even before PTSD was recognized by the DSM-IV. And in those instances, I would say… When you say it's a complicated question, I may not be able to do this on appeal. But the evidence of record doesn't make it look very complicated. All of the evidence of record indicates that as of the date of his discharge, he was unable to maintain employment. Unable to deal with the same issues that you ultimately found, amount of PTSD. So, hey, I may not have the authority to touch that with a 10-foot pole, but all of the evidence of record points to it. And so it doesn't actually seem complicated at all if I had the authority to review fact findings, which I don't. Well, and it may be that, in fact, Mr. Kellogg gets a retroactive effective date when the board properly assesses the evidence that to us seems convincing that he had either PTSD in 1980 or an analogous illness previously. But again, the statutory… Is there any evidence of an analogous illness previously? Well, PTSD didn't exist as a matter of diagnosis prior to 1980. And so under the VA's regulatory scheme, they can give a disability prior to that for an analogous illness. Oh, I see. Oh, you're not suggesting it was something different independent of your… I understand now. If he did have PTSD in 1974, it wouldn't have been called PTSD. So what is the government's argument, just out of curiosity, on the merits of this case? I mean, we're only really considering did the board err and vacate rather than reverse. But why is the government contesting the benefit award in this case? Well, the government doesn't contest the award at the board level. Well, I mean, before the Veterans Court, the government conceded that the board had not properly considered the evidence. The secretary is simply concerned with a proper consideration of all the evidence. The board obviously had concerns about Dr. McNamara's opinion. It voiced some of them, but it didn't explain exactly how it believed the lay evidence didn't match up to Dr. McNamara's opinion. So there are concerns that the board voiced with Dr. McNamara's report. We may now, reading them, not really understand them or disagree with them. But the fact is there's not an uncontroverted view of this evidence by the fact finder. And that is what is missing and needs to be developed before Mr. Kellogg can be properly assessed. Mr. Russel, what is our role here? As I understand it, Mr. Kellogg is arguing that the CAVC should have reversed instead of remanded because based on the record that was developed before the board, the only possible conclusion is that he showed PSD in 1974. That's his argument, I think. Now, how do we, consistent with what we can and cannot do in a VA case, what are we supposed to do now? What are we supposed to look at in our analysis? What are we supposed to try and determine? I was getting at that a little bit with Mr. Carpenter. What do you say? I think the question, and it certainly was the question raised in the previous cases, was under 7252A, can the Veterans Court remand instead of reverse? That's not really the question presented here. So the way I understand it is that… Was remand proper. Right. In a situation where all the evidence is in the Veterans' favor. So I asked a question. I asked Mr. Carpenter, do we look at the VA decision and say, okay, did the VA improperly – did the VA misread the evidence before the board? Because he's saying that evidence compels only one conclusion. The VA didn't come that way. It said, no, we've got to send it back. So what do we do? I'm not sure this court can look at that question. But how do we decide the case then? I think the case would have to be decided if the court were to agree there was jurisdiction on… There is a legal issue because it seems to be – there seems to be a rule of law that – and it's recited in some of the Veterans Court cases and it seems to be stated at the end of our Deloach opinion that if there's only one possible result based on the evidence that has to be reversed, then you reverse. That seems to be a rule of law. And I gather Mr. Carpenter is arguing here that that rule of law was violated. So far, so good? I'm following. Okay. Now, how do we go about determining whether Mr. Carpenter is correct in his contention? I think a review of the Veterans Court decision shows that there is no uncontroverted view of the evidence. He started – Mr. Carpenter started his argument by saying that there was proper factual findings below. So are we allowed to look at that, whether or not there is a controverted view of the evidence? I'm trying to find – I don't know what – I'm kind of with Judge Schall in that I'm a bit perplexed as to how I am allowed to approach this case. The only way I can conceptualize this court's jurisdiction is that the Veterans Court deciding to remand instead of reverse was an interpretation of 7252A, which gives them the power to reverse or remand. And so to make it not a review of the specific facts here but to make it a legal question has to be in a circumstance where the evidence is properly considered and uncontroverted. Is it improper for the Veterans Court to remand? It depends on whether the evidence points only one way or not. I think you have to defer to the Veterans Court's review of that. So we say did the Veterans Court properly exercise its review, right? We have – I mean – So you're saying I have to accept the Veterans Court's determination that there isn't an uncontroverted view of the facts. And then once I accept that, I don't know what there is left for me to do. Like why would this ever end up at appeal? Well, I mean it's a weird question because under Williams and the other Adams and Byron, the question was the veterans' right to avoid a remand. But I'm not sure how that exactly fits into – I mean if we have an issue of law, it does seem that within a certain narrow constraint, we have to look at the facts. I mean if there's a proper issue of law before us, and there seems to be – I'm not sure you can look at the facts. I think you can simply make sure the Veterans Court did the review that it is statutorily required to do, which is a review for clearly erroneous findings by the board, which in this instance it did. It found that the conclusion about McNamara was clearly erroneous because there was no – But how do we get to Mr. Carpenter's point then and the rule that if the evidence compels one and only one result, you must reverse? I don't think in this case you can get to that question. But that's what he says the issue of law is. Well, that wasn't exactly how I understood the issue of law from the briefing to be honest. So I'm not sure that the court can reach that question where the facts are that there is a controverted view of the evidence, and there has not been a proper review or assessment of the evidence by the fact finder. What is your view of whether or not he, Mr. Kellogg, can attempt to recapture all the way back to the early 1970s? Does the VA believe that before PTSD was recognized that there's no way that he could have had a, quote, or do you assume that medical characteristics that today would be recognized as PTSD would be sufficient? First, I think it's two questions. Under 3.156, the board did find that it would review back to the 70s. I believe there's a general counsel's opinion saying that the diagnosis of PTSD could not be earlier than April 11, 1980, but that I think under 38 CFR 4.20, there can be an earlier rating by analogy, I think is the phrase that's used. And so if the symptoms approximate PTSD, even though PTSD didn't exist, he could be given an effective date back to 1974, again, if the facts support that determination. Okay. Unless there are further questions, we ask for a firm decision. Thank you. I'd like to begin by clarifying one point that the government made related to the question of compensable disability. There should be no confusion that 3.156C does not deal with whether or not the disability was compensable. It only deals with whether or not the disability existed. If there is a finding that the disability existed, then there is a requirement on the DA to rate, to make a determination, a separate proceeding to determine what the appropriate rating is along the continuum in this case of 30 years. Now, as it relates to the question of the legal issue in this case and how it should be resolved, to respond to your question, Judge Shaw, I believe that this court must determine if there is, if we are to take away from Deloge that there are circumstances in which this court will determine that their reversal was the appropriate remedy, then that determination must be made on the question of whether or not there is disputed evidence in the record. And I do not believe that that is a pure factual question. Obviously, you have to review the facts to determine that. But I believe that that is a legal question, or excuse me, at least a combined question of fact and law, in order to determine whether or not, based upon this court's reading of the record, there is any evidence that contradicts Dr. McNamara's opinion. And you're saying we're permitted to do that given this case, notwithstanding the normal constraints on our jurisdiction? Along with, frankly, the whole line of cases from this court that say if the facts are not in dispute, then the matter is a question of law. And so the matter before us is a question of law. Is reversal the appropriate remedy when, as in this case, there is no evidence to the contrary? That the evidence that was brought forward in this case, whether directly or indirectly by the veteran, supports the conclusion that under 3.156c, his disability was established to exist from the date of his original claim. Unless there's further questions, thank you very much, Your Honor. Thank you, counsel. The case is taken under submission. All rise. The case is submitted.